## PRICE v. MORSE IRONWORKS & DRY DOCK CO.

(District Court, E. D. New York. December 6, 1902.)

**1. SHIPPING—DEMURRAGE.**
    That no provision was made in relation to demurrage in a contract of affreightment does not show that no demurrage was to be charged, but the rights of the parties are to be determined by the general rule as to reasonable dispatch.

In Admiralty. Action to recover freight and demurrage.

Hyland & Zabriskie, for libelant.
Blandy, Mooney & Shipman, for respondent.

THOMAS, District Judge. This action is to recover freight earned in the delivery of coal to the respondent by the canal boats Comfort and Elder, amounting to $69.31, and demurrage for detention of such vessels, to wit, the Comfort from September 26, 1901, until November 30, 1901 (in all, 66 days), and the Elder from October 3, 1901, to December 12, 1901 (in all, 71 days); in each instance 6 days having been allowed for discharge. The answer is that the parties agreed that the coal should be delivered at the respondent's place of business, and that there should be no charge for demurrage. This contention

¶1. Demurrage, see notes to Randall v. Sprague, 21 C. C. A. 337; Hagerman v. Norton, 46 C. C. A. 4.

is supported by the evidence of Mr. Moulton, the respondent's agent who had to do with the purchase of the coal, and by the evidence of Mr. Morse, the respondent's president. On the other hand, the libelant states that by the terms of the contract the coal was to be delivered on board at Weehawken, and that there was no agreement waiving demurrage. It further appears that the coal delivered on the Comfort was sold at the rate of $4.50 per ton, and on the Elder at $4.90 a ton, and that in each case the coal was bought by the libelant for the purpose of the delivery at 10 cents less per ton than the contract price, and that his profit thereon was $26.90. It is hardly conceivable that the libelant, for the purpose of selling coal at a profit of $26.90, undertook to pay freight which at current rates amounted to $69.31, and to allow unlimited detention of the canal boats, the usual demurrage price of which would be $3 per day each, and which he had under charter at the rate of $2.50 per day each. It is concluded that the libelant is entitled to recover the freight, $69.31, and certain demurrage. However, it is considered that the libelant must have assured respondent's agent that strict demurrage would not be charged. The failure to fill the blanks relating to the demurrage ordinarily leaves the rights of the parties with respect to demurrage to be determined by the general rule as to reasonable dispatch. Donnell v. Manufacturing Co. (C. C. A.) 118 Fed. 10. Such condition of the bills of lading does not show that no demurrage was to be charged. Although the matter of demurrage must have been the subject of conversation, yet it is considered that the detention of the boats, severally, for 66 days and 71 days, was not within the contemplation of the parties. There is evidence that one of the boats was detained after November 15th, and that there was conversation respecting the same, and it is concluded that the libelant acquiesced in such detention. Therefore demurrage is allowed upon the Comfort for 66 days, and on the Elder for 45 days.

A decree will be entered accordingly.